UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BLAKE O'BRYAN SWANN,           )
                                )
        Plaintiff,              )
                                )
v.                              )    No. 2:22-CV-00064-JRG-CRW
                                )
KEITH SEXTON, LT. KECTER,       )
OFFICER WALLEN, OFFICER         )
SIGMUD, OFFICER DAWES, and      )
WASHINGTON COUNTY DETENTION     )
CENTER,                         )
                                )
        Defendants.              )

## MEMORANDUM OPINION

Plaintiff, an inmate in the Washington County Detention Center, has filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 4], and a proposed order regarding a preliminary injunction and temporary restraining order, which the Clerk docketed as a motion [Doc. 7]. For the reasons that follow, the Court finds that Plaintiff may not proceed as a pauper in this action, Plaintiff's pending motions [Docs. 4, 7] will be **DENIED**, and this action will be **DISMISSED without prejudice** to Plaintiff prepaying the filing fee.

## I.    28 U.S.C. § 1915(g) "THREE STRIKES"

Plaintiff is barred from proceeding *in forma pauperis* in this action because of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This statute provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state

a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." *Id.*

As a prisoner, Plaintiff has filed at least three cases that a Court dismissed for failure to state a claim upon which relief may be granted. *Swann v. Graybell, et al.*, 2:18-CV-207 [Docs. 22, 23] (E.D. Tenn. April 15, 2020) (dismissing document Plaintiff swore to as a "foregoing complaint" for failure to state a claim upon which relief may be granted under § 1983)[1]; *Swann v. Gouge, et al.*, 2:08-CV-106 [Docs. 4, 5] (E.D. Tenn. July 13, 2010) (dismissal for failure to state a claim upon which relief may be granted under §1983); *Swann et al. v. Johnson et al.*, 2:21-CV-193 [Docs. 5, 6] (E.D. Tenn. Jan. 4, 2010) (same).

Accordingly, Plaintiff has accumulated at least three strikes under the PLRA and cannot file the instant suit, or any future suit, as a pauper unless he demonstrates that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER EXCEPTION

The three strikes provision of the PLRA has an exception which allows a prisoner with three or more "strikes" to proceed *in forma pauperis* if his complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*,

---

[1] In dismissing this case in its entirety without finding that any of Plaintiff's claims had merit, the Court noted that, to the extent Plaintiff did not intend the filing that he swore to as a complaint, the action was dismissed due to want of prosecution. *Id.* Nevertheless, as the Court found that the document Plaintiff swore to as a complaint failed to state a claim upon which relief may be granted under § 1983, this dismissal counts as a strike. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (interpreting and applying *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) to provide that "if an entire action was dismissed, at least in part for § 1915(g) reasons, and if none of the claims were found to have merit, then the action counts as a strike under § 1915(g)").

416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where a court, informed by its "'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

The only allegations in Plaintiff's § 1983 complaint that the Court can liberally construe to possibly relate to any danger of physical injury to Plaintiff are his allegations that on November 12, 2021, Defendant Kecture placed him in a cell with an inmate even though Plaintiff warned this Defendant that an assault would occur if he did so, the inmate then assaulted Plaintiff, and an unnamed jail official then improperly restrained Plaintiff and caused an injury [Doc. 1 at 2]. Plaintiff also alleges that on November 25, 2021, Defendant Kecture and Defendant Officer Sigmud moved him into a cell with an inmate who was gang affiliated and had a violent history, that inmate assaulted Plaintiff, and Defendant Kecture and Defendant Officer Sigmud "had knowing interest in the ass[a]ult" [*Id.* at 2–3]. Plaintiff additionally asserts that he needs prescription eyeglasses and has a wisdom tooth that needs to be removed, but the jail is not providing him glasses or removing his tooth and is telling him "someone from the outside has to pay for [the tooth removal]," even though he has told a nurse that the tooth is pushing through his gum and a dentist has told him he will need surgical removal of his wisdom teeth [*Id.* at 3, 9]. Further, Plaintiff states that he and other protective custody inmates do not receive "nutrient meals" or portions of food sufficient to maintain good health [*Id.* at 3], and later explains that protective custody inmates receive only one sandwich without a fruit or vegetable [*Id.* at 5–6].

These allegations do not allow this Court to draw a reasonable inference that Plaintiff was in imminent danger of serious physical injury when he filed his complaint. Rather, the complaint as a whole indicates that while Plaintiff alleges that Defendants Kecture and Sigmud formerly

3

placed him with dangerous inmates on two occasions that resulted in him being assaulted, he is now in protective custody. And nothing in the complaint allows the Court to draw a reasonable inference that Plaintiff faces an imminent danger of injury from any other inmate or officer while in protective custody, or that there is a real and proximate danger that any jail officer will place Plaintiff back in a cell with a dangerous inmate. *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (providing that the imminent danger exception only applies where the danger is "real and proximate and the danger of serious physical injury . . . exist[s] at the time the complaint is filed," and that that past danger is insufficient).

Likewise, Plaintiff's allegations regarding eyeglasses, wisdom teeth, and food servings do not allow the Court to plausibly allege any real and proximate imminent danger to him. *Id.*; *see also Lapine v. Waino*, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. Oct. 11, 2018) (providing that the imminent danger exception requires the plaintiff to "describe with sufficient detail why [he] is in imminent danger") (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)).

Accordingly, Plaintiff may not proceed as a pauper in these proceedings.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's pending motions [Docs. 4, 7] will be **DENIED**, and the instant action will be **DISMISSED** without prejudice to Plaintiff paying the filing fee in full. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
